BOBBY J. AND PATRICIA N. POOLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poole v. Commissioner
Docket No. 7937-74.
United States Tax Court
T.C. Memo 1978-431; 1978 Tax Ct. Memo LEXIS 80; 37 T.C.M. (CCH) 1781; T.C.M. (RIA) 78431; October 31, 1978, Filed *80 Held, petitioners' income redetermined by source and application of funds method. Bobby J. Poole, pro se. Robert W. West, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in Federal income tax and additions to tax under sections 6651(a) and 6653(a) [1] as follows: Addition to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1970
$ 2,118.34
$ 105.92
1971
1,803.23
$ 360.65
99.07
*81 Respondent has conceded that petitioners are not liable for the additions to tax.Due to other concessions the only issue presented to us for consideration is whether respondent erroneously included interest payments on an auto loan and home mortgage twice in the recomputation of petitioners' income in 1971 by the source and application of funds method. [2]
FINDINGS OF FACT Most of the facts have been stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners, Bobby J. and Patricia N. Poole, husband and wife, filed their joint income tax return for the calendar year 1970 with the Internal Revenue Service Center at Chamblee, *82 Georgia, and for the calendar year 1971 with the District Director of Internal Revenue at Jackson, Mississippi. At the time their petition herein was filed, petitioners resided in Magee, Mississippi. Bobby Poole was engaged in the trucking business. Because petitioners' books and records were inadequate to properly determine their income, respondent reconstructed their income by use of the source and application of funds method. Petitioners' total sources of funds and all expenditures have been agreed to by both parties. On their 1970 return, petitioners itemized their deductions. On their 1971 return, they took the standard deduction. Respondent computed petitioners' expenditures for 1971 in the notice of deficiency as set forth below: TABLE 1 Total Expenditures-- 1971 Business expenses per return,
less depreciation
$ 47,606.00
Business loan payments
11,643.38
Personal and family living
expenses
8,658.00
Total
$ 67,907.38
The "Personal and Family Living Expenses" listed in Table 1 above in the notice of deficiency were arrived at as follows: TABLE 2 1971
Food
$ 1,000.00
Clothes
300.00
Laundry and dry cleaning
55.40
Life and Accident Insurance
Premiums
230.00
Mortgage payments on Home--
Principal
2,100.00
Utilities
500.00
Repairs and Improvements
240.00
Tires, Batteries, Repairs--
Personal Auto
200.00
Auto Payments--Principal
1,432.80
Miscellaneous Personal
Expenses
2,600.00
Totals
$ 8,658.20
*83 The parties later stipulated the "Personal and Family Living Expenses", excluding "Miscellaneous Personal Expenses", as follows: TABLE 3 1971
Food
$ 1,000.00
Clothes
300.00
Laundry and dry cleaning
55.40
Life and Accident Insurance
Premiums
Mortgage payments--including
both principal and interest
2,022.90
Utilities
500.00
Repairs and Improvements
Tires, Batteries, Repairs--
Personal Auto
200.00
Auto Payments--including
both principal and interest
1,080.00
Totals
$ 5,158.30
At trial, respondent reduced the remaining disputed amount, "Miscellaneous Personal Expenses", to $ 1,100. OPINION Petitioners concede that respondent is entitled to reconstruct their income by use of the source and application of funds method, section 446(b) and section 1.6001, Income Tax Regs. This method assumes that the excess of a taxpayer's expenditures during a tax period over his reported income for that period is taxable to the extent not proved otherwise. Although the amount of petitioners' expenditures have been agreed to by both parties, petitioners contend that respondent included interest payments on their home mortgage and automobile twice in computing *84 their expenditures for 1971. The burden of proof is, of course, on petitioners to show duplications. Zarnow v. Commissioner, 48 T.C. 213 (1967). We believe respondent's determination must be upheld for 1971. In respondent's original reconstruction, total expenditures for 1971 consisted of business expenses per return (less depreciation) of $ 47,606, business loan payments of $ 11,643.38, and personal and family living expenses of $ 8,650 (see Table 1). Since the interest paid on the mortgage and auto loan was not included separately as a business expense or a business loan payment in respondent's computation for 1971, the only way a duplication could occur is for respondent to have included interest payments twice in "Personal and Family Living Expenses." [3]
*85 "Personal and Family Living Expenses" were determined by respondent in the notice of deficiency to be $ 8,658.20 including "Miscellaneous Personal Expenses" (see Table 2). This amount was later stipulated to be $ 5,158.30 (see Table 3), excluding "Miscellaneous Personal Expenses" which respondent reduced at trial from $ 2,600 to $ 1,100. The interest payments on both the mortgage and auto loan were listed separately as "Personal and Family Living Expenses" and there can be a doubling up of interest, therefore, if respondent also included interest in the category of "Miscellaneous Personal Expenses". In this event the interest would be counted twice, once as a separately listed item in "Personal and Family Living Expenses" and once as an item included in the category of "Miscellaneous Personal Expenses". The $ 1,100 "Miscellaneous Personal Expenses" could not be broken down by respondent so we cannot determine the items which added up to this amount. But it does not seem that he included interest payments. Based upon the $ 1,957 of interest paid in 1970, [4] and although aware that less might be paid in 1971, it would appear that the amount of interest paid in 1971 alone was *86 greater than the $ 1,100 respondent conceded as "Miscellaneous Personal Expenses". Moreover, in 1970, respondent included in the "Miscellaneous Personal Expenses" category only medical expenses and taxes in arriving at the stipulated amount of $ 902 for that year. There is nothing to suggest that he broadened this category to include interest in 1971. Petitioners do not dispute the amount of expenditures as determined by respondent, and since the burden of proof is on petitioners to show the interest was counted twice, we hold for respondent on this issue. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. Respondent, by letter received September 25, 1978, conceded that he had included interest payments on the auto loan and home mortgage twice in 1970, as petitioners contended. Although not disputed by petitioners, respondent also conceded that medical expenses of $ 509 and taxes of $ 393 which petitioners had deducted on their return were also included twice in the recomputation. Due to these additional concessions, there is no longer any dispute remaining concerning 1970.↩
3. On their return for 1970, petitioners itemized deductions and respondent separately listed both the home mortgage and auto loan as an "Interest per return" expenditure in his computation of total expenditures. He later included these payments again in "Personal and Family Living Expenses" which was a separately listed expenditure used in computing total expenditures for 1970. As a result of this, interest payments were counted twice.↩
4. In 1970, interest of $ 1,872 was paid on the home mortgage and interest of $ 85 was paid on the automobile loan.↩